FILED
United States Court of Appeals
Tenth Circuit

June 11, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

INDAH ESTALITA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 07-9553

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

Indah Estalita, a native and citizen of Indonesia, petitions for review of an order of

the Board of Immigration Appeals ("BIA") which affirmed the Immigration Judge's

("IJ") denial of Ms. Estalita's motion to reopen removal proceedings.  The IJ ruled that he

lacked jurisdiction over the motion under 8 C.F.R. § 1003.2(d).  We take jurisdiction

pursuant to 8 U.S.C. § 1252(a)(2)(D), but DENY Ms. Estalita's petition for review

because we conclude that her arguments are foreclosed by our decision in *Rosillo-Puga v.*

*Holder*, 580 F.3d 1147 (10th Cir. 2009).

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Ms. Estalita originally entered the United States as a nonimmigrant visitor with authorization to remain until April 2001.  At the end of her authorized stay, Ms. Estalita submitted an application for asylum for herself, her husband, and her two minor children with the Department of Homeland Security ("DHS").  DHS denied Ms. Estalita's asylum application and initiated removal proceedings.  Ms. Estalita was charged as being removable under 8 U.S.C. § 1227(a)(1)(B) for having remained in the United States without authorization after the expiration of her visa.

At a hearing on February 6, 2002, Ms. Estalita conceded removability and requested, among other forms of relief, voluntary departure.  The IJ granted Ms. Estalita thirty days voluntary departure, with an alternate order of removal.  Ms. Estalita appealed the decision to the BIA, which affirmed on May 13, 2004.  Ms. Estalita's voluntary departure period, which had been tolled during her administrative appeal, was reinstated and set to expire on June 12, 2004.  DHS subsequently granted Ms. Estalita an extension of the voluntary departure period until July 12, 2004.

On July 7, 2004, five days before the expiration of her voluntary departure period, Ms. Estalita filed a motion to reopen her removal proceedings with the BIA, seeking an adjustment of status based on a labor certification which had been approved June 16, 2004.[1]  Four days later, while the motion to reopen was still pending, Ms. Estalita and her

_____

[1]A labor certification is a determination by the Secretary of Labor that:

(I) there are not sufficient workers who are able, willing, qualified . . . and

- 2 -

family departed the United States pursuant to the grant of voluntary departure.

Unaware of Ms. Estalita's departure, the BIA granted her motion to reopen on August 5, 2004, and remanded the case to the IJ. DHS subsequently filed a Motion to Terminate for Lack of Jurisdiction, contending the BIA lacked jurisdiction to rule on the motion because Ms. Estalita's departure constituted a withdrawal of her motion to reopen under 8 C.F.R. § 1003.2(d). The IJ agreed with the government and granted the motion to terminate. On appeal, the BIA determined it had erroneously granted Ms. Estalita's motion to reopen and vacated its earlier order. Ms. Estalita now petitions for review of the BIA's ruling that it lacked jurisdiction.

## II. DISCUSSION

In support of her petition for review, Ms. Estalita argues that § 1003.2(d) is invalid because it directly conflicts with 8 U.S.C. § 1229a(c)(7)(A), which allows aliens subject to removal proceedings to file one motion to reopen. Ms. Estalita also contends that due process requires she be allowed to file one timely motion to reopen. The government asserts that our recent decision in *Rosillo-Puga* requires denial of Ms. Estalita's petition for review. We agree.

In *Rosillo-Puga*, we upheld the BIA's determination that the post-departure bar in

available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and
(II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A)(i).

- 3 -

8 C.F.R. §§ 1003.2(d) and 1003.23(b)(1) deprives the BIA or immigration judges of jurisdiction over motions to reopen filed by aliens who departed the United States following completion of their removal proceedings. 580 F.3d at 1160. Mr. Rosillo-Puga was removed from the United States pursuant to a removal order. *Id.* at 1149. Three-and-one-half years later, he filed a motion to reopen his removal proceedings. *Id.* After the IJ dismissed his appeal for lack of jurisdiction and the BIA affirmed, Mr. Rosillo-Puga filed a petition for review in this court. *Id.* He argued, inter alia, that the post-departure bar was unconstitutional and its application violated his due process rights. *Id.*

Employing *Chevron* deference, we concluded that the post-departure bar is a "valid exercise of the Attorney General's Congressionally-delegated rulemaking authority." *Id.* at 1156. We found it "inconceivable that Congress would repeal the post-departure bar, without doing or even saying anything about the forty-year history of the Attorney General incorporating such a bar in his regulations." *Id.* at 1157. Therefore, we upheld the regulations as valid and denied Mr. Rosillo-Puga's petition for review. *Id.* at 1157, 1160. We also rejected Mr. Rosillo-Puga's due process argument, noting that in the context of deportation proceedings "due process requires that the alien receive notice of the charges against him, and a fair opportunity to be heard before an executive or administrative tribunal," both of which he had received. *Id.* at 1160 (quotations omitted).

Ms. Estalita contends that *Rosillo-Puga* is distinguishable on its facts. She correctly notes that Mr. Rosillo-Puga was not granted voluntary departure and that he waived his right to appeal the removal order. *See id.* at 1149. But while the facts in this

- 4 -

case may be more sympathetic, *Rosillo-Puga* upheld the very regulation at issue in this case and we are bound by precedent. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."); *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law."). Moreover, Ms. Estalita does not contend that the IJ or BIA misinterpreted or misapplied § 1003.2(d); indeed, the result in this case is clearly the one dictated by the regulation. Furthermore, Ms. Estalita received notice of the charges against her and was given the opportunity to be heard before the IJ and BIA; thus, she received all of the process to which she was entitled. Accordingly, the BIA properly determined that Ms. Estalita's departure from the United States during the pendency of her motion to reopen constituted a withdrawal of her motion and deprived it of jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, we DENY Ms. Estalita's petition for review.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 5 -